UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES C. SCOTT,

        Plaintiff,

v.                                                                     Case No. 07-C-757

DAVID BETH and DR. JOHNSON,

        Defendants.

## DECISION AND ORDER

The Plaintiff is a state prisoner proceeding *pro se*. He seeks relief pursuant to 42 U.S.C. § 1983 for claims arising out of his incarceration in the Kenosha County Jail during parts of 2007. In this court's screening order, I concluded that he stated a claim for deliberate indifference against the defendants. In particular, Plaintiff alleged he was in severe pain but that Dr. Johnson deliberately refused to prescribe certain pain medications; he further alleged that Sheriff Beth had a policy of forbidding the use of narcotics in the jail, regardless of medical need. Both sides have moved for summary judgment. For the reasons briefly set forth below, it is clear that the defendants' motion for summary judgment should be granted and the case dismissed.

The Plaintiff brought with him to the jail a number of medical conditions, including amputated toes, a "hole" in his foot, diabetes, and neuropathy (nerve pain). Prior to his incarceration, he had been receiving pain medication, including narcotics, and there is some suggestion that plaintiff received narcotic drugs (such as Vicodin) from hospital emergency rooms. While in the Kenosha County Jail, plaintiff was prescribed prescription pain medications, and

plaintiff saw a podiatrist on four occasions for his foot problems. He routinely saw nurses, and he received antibiotics for his foot when he believed it became infected (there is no evidence it actually was infected). He was given insulin for his diabetes and also received an x-ray and MRI of his foot.

His complaint against Dr. Johnson is that Johnson did not prescribe enough pain medication. Prior to his incarceration, he received a drug called Gabapentin, which he took three times a day. The prescription he received in jail only allowed for one pill per day. Similarly, he received Tylenol-3 (with codeine) but complained that it was not strong enough. Scott contends these facts establish deliberate indifference to his serious medical needs on the part of Dr. Johnson.

There are several problems with Scott's arguments. First, he does not even allege Dr. Johnson was involved in his treatment. Apparently Scott sued Johnson because Johnson was the jail's lead doctor, but there is no evidence anywhere that Johnson had anything to do with his prescriptions or other treatment. A claim like the Plaintiff's requires a showing that the defendant had a deliberately indifferent mental state, and as such it is not enough to allege that someone is "in charge" or "the boss" – the person must actually be responsible for the decisions at issue.

Second, even if Johnson were personally involved, the plaintiff is merely alleging a disagreement over his medical treatment rather than deliberate indifference. The judgments of medical professionals are not to be second-guessed by courts in the guise of a deliberate indifference analysis unless the treatment is so obviously flawed or nonexistent that it rises to that level. *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003) ("Here, [plaintiff] doesn't simply allege that his medication is being gratuitously withheld without a reason. Instead, he says that prison doctors decided to stop this particular course of treatment. . . . At best, he alleges a disagreement with

2

medical professionals about his needs.") The decision not to prescribe narcotic drugs does not rise to the level of deliberate indifference absent some unique factual scenario not alleged here.

By the same token, Scott cannot establish liability on the part of Sheriff Beth. First, almost all conceivable liability on Beth's part is derivative of the claim against Johnson, and because I found no underlying deliberate indifference Beth cannot be liable. Second, there is no evidence that Beth had any interaction with Scott whatsoever, nor is there any evidence that Beth had any input into the medical decisions made by the jail's contracted doctors. Similarly, there is no evidence Beth was involved in the changing of Scott's bandages, another of Scott's complaints. Scott has alleged that Beth had a practice of disallowing certain painkillers from use in the jail, but there is no evidence of that and in fact Scott's own experience demonstrates that he did have access to prescription drugs, including narcotic drugs like Tylenol-3. In sum, Scott has presented no evidence that either of the defendants were involved in his treatment, and even if he had, he has identified no grounds for finding deliberate indifference.

Accordingly, for the reasons given above, the plaintiff's motion for summary judgment is **DENIED** and the defendants' motions are **GRANTED**. The plaintiff's "motion to continue" is **DENIED** as moot. The Clerk is directed to enter judgment dismissing the case with prejudice.

Dated this   15th   day of July, 2008.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

3

Case 1:07-cv-00757-WCG   Filed 07/15/08   Page 3 of 3   Document 59